SEYFARTH SHAW LLP
Coby M. Turner (SBN 266298)
cturner@seyfarth.com
Jeffrey A. Nordlander (SBN 308929)
jnordlander@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:     (916) 448-0159
Facsimile:      (916) 558-4839

Attorneys for Defendant
NATIONAL VISION, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| DANIEL HERRERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL VISION, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 37-2023-00023282-CU-OE-CTL<br><br>*Assigned for All Purposes to:*<br>*Hon. Kenneth J. Medel - Dept. C-66*<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed:  June 2, 2023 |

Defendant NATIONAL VISION, INC. ("Defendant") hereby answers the unverified Class Action Complaint of DANIEL HERRERA ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 430.10(d) and (e), Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff or any of the employees he purports to represent have been damaged in any amount, or at all, by reason of any alleged act or omission of Defendant. Defendant further denies, generally and specifically, that Plaintiff or any of the employees he purports to represent have suffered any loss of wages, overtime, penalties, compensation, benefits or restitution, or any other legal or equitable relief within the jurisdiction of this Court.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

### FIRST DEFENSE

### (Failure To State A Cause Of Action)

1. The Complaint, and each purported cause of action alleged therein, should be dismissed to the extent it fails to state facts sufficient to constitute claims upon which relief can be granted against Defendant.

### SECOND DEFENSE

### (Duplicative Action That Must Be Dismissed/Stayed)

2. Pursuant to the first-to-file rule and the Court's inherent authority to control proceedings before it, this action should be dismissed, or at a minimum, stayed pending resolution of the earlier-filed and overlapping action *Maisnier v. National Vision, Inc. dba America's Best Contacts and Eyeglasses*, United States District Court, Northern District of California, Case No. 22-cv-07859. The putative class and class period in this present case is entirely subsumed within the putative class and class period in the already-pending Maisnier action.

### THIRD DEFENSE

### (Waiver)

3. Plaintiff and/or any of employees he purports to represent have waived their right to assert the claims contained in the Complaint, and each purported cause of action therein, against Defendant. Plaintiff and/or any of the employees he purports to represent, by their own conduct and actions, have waived the right, if any, to assert the claims alleged in the Complaint.

### FOURTH DEFENSE

### (Unclean Hands)

4. Plaintiff and/or any of the employees he purports to represent are precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiff and/or any of the employees he purports to represent engaged in conduct showing unclean hands.

**FIFTH DEFENSE**

**(Release)**

5. To the extent Plaintiff and/or any of the employees he purports to represent enter or have entered a release as to any Labor Code violations alleged in the Complaint or to the extent that another action asserting similar claims or issues has been adjudicated on the merits, their claims are barred by that release.

**SIXTH DEFENSE**

**(Statute Of Limitations)**

6. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, California Labor Code section 2698 *et seq.*, the California Code of Civil Procedure sections 312, 338(a), and 340, the California Civil Code §§ 338 *et seq.*, and California Business and Professions Code § 17208.

**SEVENTH DEFENSE**

**(Laches)**

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

**EIGHTH DEFENSE**

**(Estoppel)**

8. Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

**NINTH DEFENSE**

**(No Knowing and Intentional Violation of Labor Code)**

9. Plaintiff and any of the employees he purports to represent cannot establish a willful or knowing and intentional violation of any provision in the California Labor Code, including without limitation of sections 201, 202, 203, 204, 221, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802, and 2804 because Defendant acted in good faith with reasonable grounds for believing that its actions were lawful.

## TENTH DEFENSE

### (Res Judicata and Collateral Estoppel)

10. To the extent Plaintiff seeks recovery based on the same subject matter that already has been adjudicated or dismissed, or that will be adjudicated or dismissed before this action is concluded, the action is barred by the doctrine of res judicata or collateral estoppel.

## ELEVENTH DEFENSE

### (*De Minimis* Doctrine)

11. Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff and/or other employees he purports to represent were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine. *See, e.g., Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-58 (9th Cir. 2010) (noting that courts have generally found that *de minimis* work of less than ten minutes per day is not compensable; "most courts 'have found daily periods of approximately ten minutes *de minimis* even though otherwise compensable'"); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984) ("[i]t is only when an employee is required to give up a substantial measure of her time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable").

## TWELFTH DEFENSE

### (Lack Of Standing)

12. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiff and/or any of the employees he purports to represent lack standing to bring their claims in either an individual or representative capacity.

## THIRTEENTH DEFENSE

### (Contributory Fault)

13. If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act, or the acts, omissions, and/or failures to act of any other employees he purports to represent.

///

## FOURTEENTH DEFENSE

### (Accord and Satisfaction)

14. To the extent Plaintiff, or any other employees he purports to represent, accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

## FIFTEENTH DEFENSE

### (Meal Period Waiver)

15. To the extent Plaintiff or any of the employees he purports to represent voluntarily waived the right to a meal period for shifts of more than five but less than six hours or shifts of more than 10 but less than 12 hours, no violation of the California Labor Code or the IWC Wage Orders exists.

## SIXTEENTH DEFENSE

### (Failure To Inform Employer Of Alleged Violations)

16. Plaintiff's Complaint is barred to the extent that Defendant did not have actual or constructive knowledge, or had no reason to know, about any alleged unlawful conduct or purported violation or any alleged failure to timely pay wages allegedly suffered by Plaintiff or any of the employees he purports to represent. Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiff prior to the time he filed the lawsuit.

## SEVENTEENTH DEFENSE

### (Failure to Comply With Employer's Direction)

17. Plaintiff's Complaint is barred to the extent that Plaintiff and any of the employees he purports to represent failed to substantially comply with all of the directions of Plaintiff's employer concerning the service on which Plaintiff was engaged and Plaintiff's obedience to the directions of the employer was neither impossible or unlawful, nor would impose new and unrealistic burdens, pursuant to California Labor Code § 2856.

## EIGHTEENTH DEFENSE

### (Meal Periods and Rest Breaks Provided and Authorized and Permitted)

18. Plaintiff's claims, and the claims of those persons he purports to represent, for failure to

provide meal periods, and failure to authorize and permit rest breaks, are barred because Plaintiff and all of those employees he purports to represent were provided with meal periods and authorized and permitted rest breaks to which they were legally entitled. *Brinker v. Superior Court*, 53 Cal. 4th 1004 (2012).

## NINETEENTH DEFENSE

### (Arbitration and Class Action Waiver)

19. Plaintiff's claims, and the claims of other employees he purports to represent, are barred to the extent that they agreed in writing to submit those claims to mandatory, final, and binding arbitration on an individual basis, thereby waiving the right to participate in any class action.

## TWENTIETH DEFENSE

### (Offset)

20. To the extent that Plaintiff and/or the employees he purports to represent are entitled to damages or penalties, Defendant is entitled to an offset for any payments of wages, meal and/or rest period premiums, or other remuneration previously provided to Plaintiff and/or the employees he purports to represent.

## TWENTY-FIRST DEFENSE

### (Consent/Authorization)

21. Plaintiff's Complaint, and each claim asserted therein, is barred, in whole or in part, because the alleged conduct of Defendant complained of in the Complaint was approved, consented to, and/or authorized by Plaintiff and/or the employees he purports to represent through their actions, omissions, and course of conduct.

## RESERVATION OF RIGHTS

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims, and does not have sufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated defenses. Defendant has not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent through discovery or further investigation of Plaintiff's claims. Defendant further reserves the right to amend its answer or defenses accordingly or to delete defenses

that it determines are not applicable during the course of discovery.

**PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff on the entire Complaint and on all causes of action alleged therein;
3. That Defendant be awarded reasonable attorneys' fees according to proof;
4. That Defendant be awarded its costs of suit incurred herein; and
5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: July 24, 2023                SEYFARTH SHAW LLP

By: _____
     Coby M. Turner
     Jeffrey A. Nordlander
Attorneys for Defendant
NATIONAL VISION, INC.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2300, Sacramento, California 95814. On July 24, 2023, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below, by agreement of the parties.

| | |
|---|---|
| Joseph Lavi | Attorneys for Plaintiff |
| N. Nick Ebrahimian | DANIEL HERRERA |
| Vincent C. Granberry | |
| Alan A. Wilcox | Tel: 310-432-0000 |
| Melanie S. Rodriguez | Fax: 310-432-0001 |
| LAVI & EBRAHIMIAN, LLP | jlavi@lelawfirm.com |
| 8889 W. Olympic Boulevard | nebrahimian@lelawfirm.com |
| Suite 200 | vgranberry@lelawfirm.com |
| Beverly Hills, CA 90211 | awilcox@lelawfirm.com |
| | mrodriguez@lelawfirm.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 24, 2023, at Sacramento, California.

_____
Laura Bovee