# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HERRERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL VISION, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 23-cv-1350-LAB-WVG<br><br>**ORDER DISMISSING ACTION UNDER FIRST-TO-FILE RULE** |

On August 16, 2023, Plaintiff Daniel Herrera and Defendant National Vision, Inc. filed a joint stipulation to stay this class action pending the resolution of an earlier-filed and overlapping action in the Northern District of California entitled *Maisnier v. National Vision, Inc.*, Case No. 22-cv-7859-WHO. (Dkt. 8). The Court found that a stay wouldn't advance the interests of efficiency or judicial economy, denied the joint stipulation to stay, and ordered the parties to show cause why this action shouldn't be dismissed or transferred to the Northern District of California under the first-to-file rule. (Dkt. 9 at 5). The parties filed timely responses. (Dkt. 12, 13). Having considered the facts, the parties' briefing, and the relevant law, the action is **DISMISSED WITHOUT PREJUDICE**.

//

## I. BACKGROUND

### A. *Herrera* Action

On June 2, 2023, Plaintiff Daniel Herrera filed this class action against Defendant National Vision, Inc. (the "*Herrera* Action") in California Superior Court asserting seven class claims for: (1) failure to pay minimum wages, Cal. Lab. Code §§ 1194, 1197; (2) failure to pay overtime wages, *id.* §§ 510, 1194; (3) failure to authorize or permit meal periods, *id.* §§ 226.7, 512; (4) failure to authorize or permit rest periods, *id.* § 226.7; (5) failure to provide complete and accurate wage statements, *id.* § 226; (6) failure to timely pay final wages at termination, *id.* §§ 201–03; and (7) unfair business practices, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Dkt. 1-3, Compl.). The class is defined as all persons who worked for National Vision in California as an hourly or non-exempt employee from June 2, 2019, to present. (*Id.* ¶ 3). On July 24, 2023, National Vision removed the *Herrera* Action to this Court. (Dkt. 1).

### B. *Maisnier* Action

On September 20, 2022, Paul F. Maisnier filed a class action against National Vision (the "*Maisnier* Action") in California Superior Court asserting eight class claims for: (1) failure to pay wages including overtime, Cal. Lab. Code §§ 510, 1194; (2) failure to provide meal periods, *id.* §§ 226.7, 512; (3) failure to provide rest periods, *id.* §§ 226.7, 512; (4) failure to pay timely wages, *id.* § 203; (5) failure to provide accurate itemized wage statements, *id.* § 226; (6) failure to indemnify necessary business expenses, *id.* § 2082; (7) unlawful deductions from wages; and (8) violation of California Business & Professions Code §§ 17200, *et seq.* Notice of Removal, *Maisnier v. National Vision, Inc.*, No. 22-cv-7859-WHO (N.D. Cal. Dec. 9, 2022), ECF No. 1. The class in the *Maisnier* Action is defined as all persons who worked for National Vision in California as non-exempt or equivalent employees from September 20, 2018, to present. *Id.* at 21–22, ¶ 10. On December 9, 2022, National Vision removed the *Maisnier* Action to the

Northern District of California. *Id.*

## II. DISCUSSION

The Court incorporates the analysis from its August 21, 2023 Order and finds the first-to-file rule applies to this action. (Dkt. 9 at 4–5). Under the rule, the Court "has discretion to transfer, stay, or dismiss the [*Herrera* Action] in the interest of efficiency and judicial economy." *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The Court already determined a stay isn't warranted here, (*see* Dkt. 9 at 5), so it considers only transfer and dismissal.

### A. Transfer to the Northern District of California

When applying the first-to-file rule, the second-filed case may only be transferred to a district "where it might have been brought." *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) (quoting 28 U.S.C. § 1404(a)). "The transferee court meets this requirement if: (1) it would have subject-matter jurisdiction; (2) defendants would be subject to personal jurisdiction; and (3) venue would be proper." *Golo, LLC v. Goli Nutrition Inc.*, No. 21-cv-02348-VAP-MAAx, 2021 WL 3360134, at *3 (C.D. Cal. July 30, 2021) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960)). Proper venue is determined under the general venue statute, 28 U.S.C. § 1391. *See In re Bozic*, 888 F.3d at 1053.

Under § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." "[I]n a class action, the 'events' in question are only those involving the named plaintiffs." *In re Bozic*, 888 F.3d at 1053 (citing *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 490 (5th Cir. 2003); 2 Newberg on Class Actions § 6:36 (5th ed.) ("The analysis of where a substantial part of the events took place, in a class action, looks to the events concerning the named plaintiffs' claims, not all of the class members' claims.")).

Herrera is the only named plaintiff in this action. (Compl.). He worked for National Vision at 7155 Broadway, Lemon Grove, CA, 91945, a location within the

Southern District of California. (*Id.* ¶¶ 2, 6). Because none of the events giving rise to Herrera's claim took place in the Northern District of California, venue isn't proper there under § 1391(b)(2).

Under § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The only named defendant in this action is National Vision, a corporation, so venue is proper in any district in which it resides. For venue purposes, a defendant corporation "shall be deemed to reside . . . in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Therefore, for venue to be proper in the Northern District of California under § 1391(b)(1), National Vision must be subject to personal jurisdiction there. *See Healy v. Wells Fargo Bank, N.A.*, No. 20-cv-01838-H-AHG, 2020 WL 7074939, at *2 (S.D. Cal. Dec. 3, 2020).

Federal courts may exercise either general or specific jurisdiction over nonresident defendants. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). General jurisdiction exists when a defendant is "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924. "[T]he 'equivalent' forums for a corporation are its place of incorporation and principal place of business." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). A corporation's principal place of business is its "nerve center," "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). To be subject to specific jurisdiction in a particular district, on the other hand, "'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb Co.*, 582 U.S. at 262 (emphasis in original) (quoting *Daimler AG v.*

*Bauman*, 571 U.S. 117, 127 (2014)).

National Vision is incorporated in Georgia and its corporate headquarters—where all executive and administrative functions take place—is in Duluth, Georgia. (Dkt. 1-2, Decl. of Jamie Kerkhoff ¶ 3; Dkt. 1 ¶ 15). The Court finds National Vision is at home in the state of Georgia and, therefore, not subject to general personal jurisdiction in California. As for specific personal jurisdiction, Herrera's claims arise out of his employment in the Southern District, so National Vision isn't subject to specific personal jurisdiction in the Northern District in this action. *See Healy*, 2020 WL 7074939, at *3; *In re Bozic*, 888 F.3d at 1053–54.

Nor is venue proper in the Northern District under 28 U.S.C. § 1391(b)(3). That section "applies only if there is no district where venue lies under § 1391(b)(1) or (b)(2)." *In re Bozic*, 888 F.3d at 1054. Because venue is proper in this District and in the Northern District of Georgia (where Duluth is located), the residual provision doesn't apply. *Id.*

Venue in this action isn't proper in the Northern District of California under the general venue statute, 28 U.S.C. § 1391, and this action may not be transferred there. *See id.* at 1053.

**B.   Dismissal**

If transfer isn't proper and the first-filed case doesn't present a "likelihood of dismissal," the court may dismiss the second-filed case. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991); *see also Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("Dismissal is proper where the court of first filing provides adequate remedies.") (citing *Alltrade*, 946 F.2d at 627–28); *cf. Ford v. [24]7.ai, Inc.*, 812 F. App'x 576, 577 (9th Cir. 2020) (holding dismissal of second-filed case was inappropriate when the first-filed court issued a tentative order of dismissal with prejudice).

Herrera opposes dismissal, arguing he and other members of the putative class will be severely prejudiced by the statute of limitations if this action is

dismissed and the *Maisnier* class isn't certified or only partially certified. (Dkt. 12 at 1). He also asserts "dismissal would potentially eliminate any value and/or nuance which [his] claims may bring to the *Maisnier* action." (*Id.*). Both arguments are unpersuasive.

First, there is no indication the *Maisnier* Action will be dismissed. *See generally Maisnier v. National Vision, Inc.*, Case No. 22-cv-7859-WHO (N.D. Cal.). Second, as the parties previously stipulated, (*see* Dkt. 8 at 2), the claims in the *Herrera* and *Maisnier* actions are nearly identical and "there is nothing to suggest this action would be certified while the [*Maisnier* Action] would not," *De La Cruz v. Target Corp.*, No. 18-cv-0867-DMS-WVG, 2018 WL 3817950, at *2 (S.D. Cal. Aug. 8, 2018) (dismissing second-filed wage-and-hour class action). Third, Herrera hasn't presented any compelling reason why this action shouldn't be dismissed: if the *Maisnier* Action settles, Herrera, as a member of the putative *Maisnier* class, will "have the opportunity to participate in the settlement or he may opt out to pursue his claims individually." *Id.* "In the event the [*Maisnier*] court denies class certification, [Herrera] may litigate his individual claims as an intervenor or pursue his individual claims in a separate lawsuit." *Id.*

Dismissing this action is "in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr.*, 125 F.3d at 769; *see also De La Cruz*, 2018 WL 3817950, at *2 (dismissing class action complaint without prejudice based on the first-to-file rule and noting that the plaintiff was permitted to litigate his individual claims either as an intervenor in the earlier filed lawsuit or in a separate lawsuit).

//
//
//
//
//
//

### III. CONCLUSION

This action is **DISMISSED WITHOUT PREJUDICE** to Herrera pursuing his claims on an individual basis.

**IT IS SO ORDERED**.

Dated: September 11, 2023

**Hon. Larry Alan Burns**
United States District Judge